## FISCHEL v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. May 18, 1906.)

CARRIERS — INJURY TO PASSENGERS — BOARDING STREET CAR — CONTRIBUTORY
NEGLIGENCE—INSTRUCTIONS.

Where, in an action against a street railway company for injuries to
a passenger while attempting to board a car, in consequence of the sudden
starting of the car, the court charged that the passenger could not recover,
if the car was in motion when he attempted to board it, and that, unless
the motorman was aware that the passenger was attempting to get on
the front platform, the company was not liable, a charge that, if the pas-
senger acted as a reasonably prudent man under the circumstances would
have acted, and if the motorman acted so negligently that the passenger
suffered injury, he was entitled to a verdict, was not prejudicial to the
company.

Appeal from Trial Term.

Action by William J. Fischel against the Metropolitan Street Rail-
way Company. From an order setting aside a verdict for plaintiff, and
granting a new trial, plaintiff appeals. Reversed and verdict reinstated.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGH-
LIN, LAUGHLIN, and HOUGHTON, JJ.

Otto Horwitz, for appellant.
Edward D. O'Brien, for respondent.

LAUGHLIN, J. ·The action was brought to recover damages for
personal injuries alleged to have been sustained by the plaintiff through
the negligence of the defendant in starting a car while he was attempt-
ing to board the same. The order recites that motion was made upon
the minutes of the court upon the exceptions taken in behalf of the de-
fendant at the trial, and upon the grounds that the verdict was contrary
to the evidence and to the law and was for excessive damages; but in
a memorandum opinion filed by the learned trial justice he deplores the
necessity of granting a new trial, and indicates quite clearly that he
would let the verdict stand were it not for what he deemed to be an
error in the charge. The opinion in full is as follows:

"Despite the hardship imposed upon the plaintiff by a new trial of this
cause, it seems necessary to set aside the verdict herein, because of the inad-
vertent disregard of the rule stringently laid down in Reardon v. Third Ave.
R. R. Co., 24 App. Div. 166, 48 N. Y. Supp. 1005, which inadvertence should
have been corrected before the jury were allowed to go out."

The Reardon Case merely held, in an action for damages for per-
sonal injuries sustained by a pedestrian through a collision with a car at
a street crossing, that it was error to instruct the jury that "each was
bound to look out for, and, if possible, prevent any accident," because
the rule is reasonable care, and not all possible care.

Judged by the rule of that authority, we find no error in the charge.
The court in the main charge had instructed the jury as follows:

"If the plaintiff has satisfied you that the accident happened as he said
it did, not as the defendant's witnesses say it did, that he acted as would a
reasonably prudent man under the circumstances, and that the defendant's
motorman was reckless, careless, so that he suffered an injury thereby, he is
entitled to a verdict which will compensate him for the loss, suffering,
and damage."

Counsel for the defendant excepted to this part of the charge. The court therefore expressly withdrew it and instructed the jury to disregard it and further charged as a substitute therefor that:

"If the plaintiff has satisfied you that he acted on that occasion as would a reasonably prudent man under the circumstances, and that the defendant's motorman was heedless, careless, acted so negligently that the plaintiff suffered injury thereby, the plaintiff is entitled to a verdict which will compensate him for his damages, including pain, suffering, and loss."

Counsel for defendant also excepted to the substituted charge, but we do not deem it well taken. The plaintiff was injured while getting on the front platform, and according to his evidence he had attracted the attention of the motorman who saw his position. The court had instructed the jury that plaintiff could not recover if the car was in motion when he attempted to board it; and also that, unless the motorman was aware that plaintiff was attempting to get on the front platform, the defendant could not be held liable for negligence. In all other respects, the instructions to the jury were those usually given in this class of cases. We fail to discover any error in the charge. The jury were informed that plaintiff could not recover, unless a reasonably prudent man would have acted and done just as he did, which manifestly is the correct rule. With respect to the charge concerning defendant's negligence, there might be some grounds of complaint by plaintiff that the rule laid down did not hold defendant liable for ordinary negligence; but it surely was not prejudicial to the defendant. The motorman could not have acted as would a reasonably prudent man under like circumstances, which was his duty, and at the same time have been "heedless, careless," and have "acted so negligently that plaintiff suffered injury thereby. If the motorman acted as the jury were instructed that they must find that he did act before rendering a verdict against the defendant, then it was inconsistent with the exercise of due care by him. The order therefore cannot be sustained upon the ground upon which it appears to have been made. We have examined the evidence in the light of the other grounds upon which the motion for a new trial was made, and upon which the learned counsel for the defendant endeavors to sustain it, and we find no reason for not allowing the verdict to stand.

It follows therefore that the order should be reversed, and the verdict reinstated, with costs, and motion denied, with costs. All concur.